654 P.2d 909

STATE of Idaho, Plaintiff-Respondent,

v.

Thomas PRATT, Defendant-Appellant.

No. 13195.

Supreme Court of Idaho.

Nov. 26, 1982.

William B. Taylor, Jr., Grangeville, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a conviction of second degree burglary which was entered following a jury trial and a verdict of guilty. We affirm.

The facts of the case are as follows:

On June 13, 1979, at approximately 7:30 p.m., Elwin Johnson, part-owner of the Irwin Drug Company, and his wife returned to the drug store after it had closed. They entered the store through the locked front door and Mr. Johnson proceeded through the store to the area at the back of the store, where he observed that the punch lock in the back door knob was not locked. He then opened the back door and observed a man standing in front of and facing him. That man was later identified as the defendant Pratt. Johnson nodded and said hello to the man, who turned and walked down the alley toward the east. Johnson then closed the rear door and went upstairs to his office, where he noticed that his calculator was missing. Upon hearing a noise inside the store, he asked his wife to call the police. He then returned to the area of the store by the back door and saw a man in the store, who he later identified as Greg Kinderman. After a brief scuffle between the two men, the intruder went out the back door. Johnson followed the man and saw him run west toward the courthouse. At approximately 8:00 p.m., Officer Wilbanks of the City of Grangeville observed a man matching the description of the intruder (Kinderman) running about a block away from the drug store. After observing that man chase and then get in a light green car, Wilbanks stopped the car. Pratt (driver of the car and back door loiterer) and Kinderman were both arrested and both were charged with second degree burglary of the store.

Elwin Johnson was a witness called by the State. Asked about the vehicle in question, he volunteered a statement which admittedly was beyond his personal knowledge:

"Well, first of all I thought it was a—it came to my attention, the automobile, because I thought it was a nice looking car *and the occupants of that automobile it's just—it came to me at the time that they were similar in description as the two fellows that were involved in the burglary.*"

In overruling the objection and denying the motion to strike the volunteered opinion, the court added its views:

"The objection will be overruled. That is a question for the jury to determine, certainly. This does involve to some extent an opinion of this witness. The jury can give it whatever weight they feel that it deserves."

The appellant argues that the trial court erred in allowing into evidence Johnson's opinion that *two* fellows were involved in the burglary, and also that the court improperly commented on the evidence.

Only errors which actually prejudice or tend to prejudice a substantial right of a defendant are grounds for reversal of a conviction. I.C. § 19–3702. It is the consensus of the Court that, even assuming that the admission of the opinion testimony was erroneous, no sufficient prejudice resulted thereby so as to require reversal. The Court's gratuitous comment, although better not given, was no more than a premature statement of the law that credibility is for the jury. In the context in which

given here, it more likely would have had a denigrating effect on Johnson's opinion testimony. We see no reversible error, and any effect of the testimony and comment could easily have been ironed out in final summation, as seems to be what happened.

■ The appellant finally argues that the evidence in this case was insufficient to sustain his conviction. While the evidence is far from overwhelming, the facts established and the circumstances of the case, and properly drawn inferences are enough to sustain the conviction.

*Affirmed.*